The opinion of the Court * was drawn up by
Parker C. J.
The question referred to the Court is, whether the deed of assignment disclosed by the trustee is valid, so as to pass to the trustees therein named the debt, idmitted to be due from the respondent to the principal debtor. The supposed invalidity of the conveyance rests upon the provisions of the instrument itself, there being no evidence or suggestion of fraud upon creditors, in the transaction, dehors the instrument; and the only objectionable provision in the deed is that which requires of the creditors, *278 in order to share in the distribution of the property, to release and discharge the assignor from their demands against him, without regard to the amount which they shall receive from the funds. This seems to have been one of the grounds for setting aside a similar conveyance in the case of Widgery v. Haskell, 5 Mass. R. 144, though in that case the question as to the validity of the assignment was limited to a ship, which was embraced within the general terms of the conveyance, but was attached before she came into the actual possession of the assignees. It was an important consideration too in that case, that property to an amount sufficient to pay the demands of the creditors particularly provided for in the assignment, and those of the assignees themselves, who were also creditors, had been received by the trustees under the assignment, so that the ship, which was the subject of the action, was not needed for those purposes, and' if the right of the assignees had been established, they could only have held in trust for the general creditors ; and as these had not come into the compact by signing the instrument and thereby agreeing to discharge their demands, it was held that the ship itself was liable to attachment by any one or more of the dissenting creditors. It is not therefore a necessary inference from that decision, that the clause in the assignment similar to that which is objected to in this case, rendered the whole conveyance void.[1] ****6And we are not necessarily brought to a decision of that question in this *279 case, for it appears by the schedules of debts provided for and of property conveyed by this assignment, that the latter exceeds the former by the sum of 10,000 dolíais- Admitting then, as we may do in this case without determining the question, that the assignment is valid to the extent of the claims of those creditors who became parties to the instrument,[1] we do not perceive why the surplus should go into the hands of the trustees, when in fact there would be no cestuis que trust for that surplus. To determine otherwise would be to deprive the dissenting creditors of any advantage from this surplus, for the assignees could not be answerable on the trustee process, if it consisted of debts, until it should come into their hands, and thus creditors would be hindered and delayed in recovering their debts, by the acts and doings of the principal debtor and a favored portion of the creditors. This would be, as stated in the case of Widgery v. Haskell, to allow the debtor to make a bankrupt law for himself, and according to the general spirit of these assignments, it would be wholly without that equality towards creditors which is certainly the best feature of public bankrupt systems. We cannot therefore give such effect to assignments of this nature, as to allow the funds of the debtor to be locked up against creditors, when the funds are not wanted for distrioution among those who have come into the compact.[2] Whether the possession of the trustees, of property which has come to them by the assignment, and which is not necessary for *280 the payment of those creditors who have become parties, can be disturbed by an attachment made by a dissenting creditor, we think has not been decided, and we reserve ourselves upon that important question until it shall be directly presented to us.
It may be said, that if such an assignment is valid at all, the assignees are entitled to all the property conveyed, because it cannot appear, until a final conversion of the property conveyed into money, that there will be sufficient to satisfy the demands of the assenting creditors ; but we think, in order to avoid an attachment, or the effects of the trustee process, by virtue of the assignment, the assignee must show and prove, as he will have an opportunity to do by becoming a party to the suit, that the property attached or debt arrested is wanted to answer the valid purposes of the assignment. If he fail to do this, it ought to remain subject to legal disposition for the use of the creditor making the attachment. In the present case, primd facie, there are ample funds to pay the creditors who are parties to the assignment, and as there is no evidence offered to the contrary, the person summoned as trustee must be charged to the amount of the debt which he owes, if that is not more than sufficient to satisfy the plaintiffs’ judgment.[1]

 Morton J. did not sit in this cause.

 The assent of a creditor to an assignment in Massachusetts is not presumed until he has become a party to the same, although the assignment be for his benefit. See Widgery v. Haskell, 5 Mass. R. 144; Russell v. Woodward, 10 Pick. 408; Brewer v. Pitkin, 11 Pick. 298; Ward v. Lamson, 6 Pick. 358; Viall v. Bliss, 9 Pick. 13; New England Bank v. Lewis, 8 Pick. 113; Ward v. Lewis, 4 Pick. 518.
There are many cases in the other States in which it is held, that if the trust created by the assignment be for the benefit of the creditor, the law presumes his assent to it, until the contrary appears. See -Nicholl v. Mumford, 4 Johns. Ch. R. 529; Cunningham v. Freeborn, 11 Wendell, 248; Buffum v. Green, 5 N. Hamp. R. 71; Marlborough Manuf. Co. v. Smith, 2 Connect. R. 579; Halsey v. Whitney, 4 Mason, 206; Angell on Assignments, 168 et seq. and authorities there cited.

 See Bradford v. Tappan, 11 Pick. 76; Jewett v. Barnard, 6 Greenl. 331; Copeland v. Weld, 8 Greenl. 411.

 See the late statute on the subject of assignments. St. 1836, c. 238.